UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
SAGRARIO M.,

                              Plaintiff,          DECISION AND ORDER
                                                  1:20-CV-10027-GRJ

        v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

    In January of 2018, Plaintiff Sagrario M.[1] applied for Disability

Insurance Benefits and Supplemental Security Income Benefits under the

Social Security Act. The Commissioner of Social Security denied the

applications.  Plaintiff, represented by The Law Officers of Harry J. Binder

and Charles E. Binder, Daniel Sylvester Jones, Esq., of counsel,

commenced this action seeking judicial review of the Commissioner's

denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The

parties consented to the jurisdiction of a United States Magistrate Judge.

(Docket No. 9).

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

This case was referred to the undersigned on March 24, 2022.

Presently pending are the parties' Motions for Judgment on the Pleadings

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 16,

18). For the following reasons, Plaintiff's motion is denied, the

Commissioner's motion is granted, and this case is dismissed.

## I. BACKGROUND

### A.   Administrative Proceedings

Plaintiff applied for benefits on January 25, 2018, alleging disability

beginning November 18, 2016. (T at 162, 178, 247-61).[2]  Plaintiff's

applications were denied initially and on reconsideration.  She requested a

hearing before an Administrative Law Judge ("ALJ").  A hearing was held

on September 13, 2019, before ALJ Seth I. Grossman. (T at 31). Plaintiff

appeared with an attorney and testified. The ALJ also received testimony

from Raymond Cestar, a vocational expert, and Dr. Albert Oguejifor, a

medical expert.  (T at 30-95).

### B.   ALJ's Decision

On October 11, 2019, the ALJ issued a decision denying the

applications for benefits. (T at 7-29).  The ALJ found that Plaintiff had not

engaged in substantial gainful activity since November 18, 2016 (the

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 15.

alleged onset date) and met the insured status requirements of the Social
Security Act through December 31, 2021 (the date last insured). (T at 12).
The ALJ concluded that Plaintiff's carpal tunnel syndrome; bilateral rotator
cuff tear syndrome; lumbar radiculopathy; obesity; diabetes mellitus; and
diabetic retinopathy were severe impairments as defined under the Act. (T
at 13).

The ALJ further found that Plaintiff did not have an impairment or
combination of impairments that met or medically equals one of the listed
impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 14).

At step four of the sequential analysis the ALJ determined that
Plaintiff retained the residual functional capacity ("RFC") to perform
sedentary work, as defined in 20 CFR 404.1567 (a), with the following
limitations: she must have the option to stand 5 minutes every hour; she
can occasionally climb ramps and stairs; occasionally climb ladders, ropes,
and scaffolds; occasionally balance, stoop, kneel, or crouch, but never
crawl; occasionally reach overhead with the bilateral overhead extremities;
and frequently (but not continuously) finger and handle with the bilateral
extremities. (T at 16).

The ALJ concluded that Plaintiff could not perform her past relevant
work as a case manager or case worker (T at 22).

Then at step five of the sequential analysis considering Plaintiff's age (42 on the alleged onset date), education (at least high school, able to communicate in English), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 23).  As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between November 18, 2016 (the alleged onset date) and October 17, 2019 (the date of the ALJ's decision). (T at 24).  On October 9, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.    *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on November 30, 2020. (Docket No. 1).  On July 30, 2021, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 16, 17).  The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on September 27, 2021. (Docket No. 18, 19).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. *See Green-Younger v.*

*Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant

numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101,

103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for

reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's

assessment of the medical opinion evidence was flawed.  Second, she

contends that the ALJ erred in discounting her credibility.  This Court will address both arguments in turn.

A.    *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed on January 25, 2018 (T at 162), the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion,

with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Cyrus Boquin completed a questionnaire in August of 2018.  He reported that Plaintiff had been treating every 2-3 months since 1995, with diagnoses of diabetes type I; diabetic neuropathy;

diabetic retinopathy of both eyes; rotator cuff tear of the left shoulder; hyperlipidemia; muscle spasm; depression; and sleep apnea. (T at 632).

Dr. Boquin stated that Plaintiff was not a malingerer and suffered from nerve damage/carpal tunnel in both hands, neuropathy, and pain. (T at 632-33).  He opined that Plaintiff could not sit, stand, or walk for more than 1 hour in an 8-hour workday; would need to change position every 10 minutes; and could occasionally lift or carry no more than 5 pounds. (T at 634).  Dr. Boquin also found that Plaintiff's symptoms would increase if she was placed in a competitive work environment and would frequently interfere with her attention and concentration. (T at 635).  He believed she would need to take unscheduled 7–10-minute breaks every half hour during the workday and would be absent from work two to three times per month due to her impairments or treatment. (T at 635-36).

In May of 2018, Dr. John Fkiaras performed a consultative examination.  He diagnosed bilateral carpal tunnel syndrome, bilateral hand and wrist pain, bilateral shoulder pain, sleep apnea, low back pain, insulin-dependent diabetes, diabetic retinopathy, history of left eye retinal detachment, and history of multiple surgeries of the bilateral eyes. (T at 566).  Dr. Fkiaras characterized Plaintiff's prognosis as "fair" and opined that she had marked limitation as to driving, operating machinery, or

working around unprotected heights; moderate to marked limitation as to

walking long distances, climbing stairs, or standing for extended periods;

moderate limitation with respect to sitting for extended periods; marked

limitation as to tasks requiring fine visual acuity, lifting, carrying, pushing,

pulling, squatting, or crouching; moderate to marked limitation with regard

to bending; and marked limitation as to reaching with the left upper

extremity. (T at 566-67).

The ALJ deemed Dr. Boquin's opinion unpersuasive, finding it lacking

in support and inconsistent with the overall record. (T at 20).  The ALJ

found Dr. Fkiaras's assessment unpersuasive for the same reasons. (T at

21).

This Court finds the ALJ's consideration of the medical opinion

evidence supported by substantial evidence and consistent with applicable

law.  As a threshold matter, the ALJ did not completely dismiss the opinions

provided by Dr. Boquin and Dr. Fkiaras.  While the ALJ did not adopt the

more extreme limitations they assessed, the ALJ found Plaintiff limited to a

reduced range of sedentary work (T at 16), thereby accepting that she had

significant work-related limitations and reasonably reconciling the

conflicting medical opinion evidence.

The ALJ's determination was supported by the assessment of Dr. Albert Oguejifor, who testified as a medical expert at the administrative hearing.  Dr. Oguejifor reviewed and discussed the medical evidence, opining that Plaintiff's diabetes, peripheral neuropathy, lumbar radiculopathy, and carpal tunnel syndrome did not (singly or in combination) satisfy the requirements of the applicable Listings-level impairments. (T at 71-73).  He believed Plaintiff could perform sedentary work, provided she was permitted to work in a climate-controlled environment and limited to occasional overhead reaching. (T at 73-74).

Dr. Oguejifor was asked about physical examination findings in the record, including the consultative examination performed by Dr. Fkiaras, and explained how those findings were consistent with his assessment. (T at 74-78).  Dr. Oguejifor was asked about Plaintiff's ability to sit for prolonged periods and explained his conclusion that she could sit for 6 hours in an 8-hour workday, with normal breaks and a sit/stand option. (T at 79-82).

The ALJ was entitled to rely on Dr. Oguejifor's expert assessment, which was based on a reasonable reading of the record, even in the face of more restrictive assessments from the treating and examining physicians. *See Diaz v. Shalala,* 59 F.3d 307, 313 n.5 (2d Cir. 1995)(noting that

"opinions of nonexamining sources [may] override treating sources' opinions provided they are supported by evidence in the record")(citing *Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993)); *see also Botta v. Colvin*, 669 F. App'x 583, 584 (2d Cir. 2016); *Marc W. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1121 (WBC), 2021 WL 2435651, at *6 (W.D.N.Y. June 15, 2021)(collecting cases).

The ALJ also provided a detailed discussion and analysis of the medical evidence and reasonably found some of the more extreme limitations assessed by Dr. Fkiaris and Dr. Boquin not supported by, and not consistent with, the record. (T at 18-20)  In particular, while the record did document occasional shoulder spasms and reduced range of motion, clinical examinations showed normal joint range of motion, along with normal muscle strength, sensation, and reflexes. (T at 435, 566, 745). Likewise, examinations showed decreased sensation in Plaintiff's hands, but full grip strength, intact hand and finger dexterity, full range of motion in the wrist and elbows, and no muscle atrophy. (T at 566, 745, 776).

Plaintiff argues for an alternative interpretation of the medical opinion evidence, with relatively greater weight being given to the more extreme, limiting assessments of Dr. Fkiaris and Dr. Boquin.  However, when the record contains competing medical opinions, it is the role of the

Commissioner, and not this Court, to resolve such conflicts. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").  The ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the ALJ's overall assessment is supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.*

(citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also*
*McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014)("If evidence is
susceptible to more than one rational interpretation, the Commissioner's
conclusion must be upheld.")(citation omitted).

In the present case for the reasons discussed above, the Court finds
the ALJ's assessment of the medical opinions consistent with applicable
law and supported by substantial evidence, including a reasonable reading
of the treatment record and the expert opinion of Dr. Oguejifor, who
reviewed the record, discussed the clinical findings and other opinions, and
testified at the hearing subject to cross-examination by Plaintiff's counsel.

### B.    Credibility

A claimant's subjective complaints of pain and limitation are "an
important element in the adjudication of [social security] claims, and must
be thoroughly considered in calculating the [RFC] of a claimant." *Meadors*
*v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also*
20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's
subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49
(2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion
in weighing the credibility of the claimant's testimony in light of other

evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility. First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ must explain the decision "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: She has been unable to work due to chronic pain in her lower back and left upper thigh, vision problems, carpal tunnel syndrome in both hands, left shoulder rotator cuff

tear, neuropathy, and complications related to diabetes. (T at 40, 45-49, 52-53).  She has problems walking due to balance issues. (T at 48-49). She cannot reach, lift, or carry with her right arm. (T at 57).  Sitting is difficult and limited to 15-20 minutes at a time. (T at 59-60).  She can stand for approximately 10 minutes at a time and walk for about 3 blocks. (T at 61).  She performs household chores with difficulty and finds it challenging to attend to personal hygiene. (T at 58-59).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 17).

For the following reasons, the Court concludes the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling pain and limitation not fully consistent with the objective evidence, including the treatment record and expert opinion of Dr. Oguejifor.  (T at 17-22).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See*

*Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, the ALJ reasonably found Plaintiff's complaints of disabling pain and limitation inconsistent with her activities of daily living, which included some self-care, simple household chores, shopping, and managing money. (T at 17).  A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted).  In particular, "[e]vidence that a plaintiff is capable of participating in various activities of daily living despite allegations of severe pain can support a determination that a plaintiff can perform sedentary work." *Niven v. Barnhart*, 03 Civ. 9359 (DLC), 2004 U.S. Dist. LEXIS 17337, at *19 (S.D.N.Y. Sept. 1, 2004)(citing *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980)); *see also Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir. 2010)(affirming ALJ's credibility determination in light of "substantial evidence … showing that [claimant] was relatively 'mobile and functional,'

and that … allegations of disability contradicted the broader evidence");
*Ashby v. Astrue*, No. 11 Civ. 02010, 2012 U.S. Dist. LEXIS 89135, at *43-44 (S.D.N.Y. Mar. 27, 2012)("As it appears that, in making his credibility assessment, the ALJ appropriately considered Plaintiff's ability to engage in certain daily activities as one factor, among others suggested by the regulations, this Court finds no legal error in this aspect of the ALJ's analysis.").

There is no question that Plaintiff suffers from pain and limitation. The ALJ did not dismiss Plaintiff's subjective complaints and, in fact, found her limited to a reduced range of sedentary work. (T at 16).  However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the clinical assessments and medical opinion evidence (including the supporting assessment of an impartial medical expert who testified at the hearing subject to cross-examination), along with proper consideration of the activities of daily living.  This is sufficient to sustain the disability determination under the deferential standard of review applicable here.

*See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 16) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 18) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment consistent with this decision and close the case.

Dated: April 27, 2022                    *s/Gary R. Jones*

                                            GARY R. JONES
                                            United States Magistrate Judge